**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MILLARD A. GREEN, SR. ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-7140** |
| **LEXINGTON INSURANCE COMPANY** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Lexington Insurance Company's ("Defendant") Motion to Enforce Settlement, (Rec. Doc. 10), and Plaintiffs Millard A. Green, Sr. and Marsha McKendall Green's ("Plaintiffs") Opposition. (Rec. Doc. 14). In their Opposition Plaintiffs contend that the Court does not have subject matter jurisdiction over this case. After review of the motions, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the case be hereby **REMANDED.**

## DISCUSSION

I. Background

On August 28, 2007, Plaintiffs filed their Petition for Damages in the Civil District Court for the Parish of Orleans. (Rec. Doc. 1-2). The claims in this case arise out of damages to Plaintiffs' residential property located at 4501 San Marco Road in New Orleans as a result of Hurricane Katrina. (Rec. Doc. 1-2). Plaintiffs' home suffered wind damages, and flooded with over eight feet of water during Hurricane Katrina, and subsequently, on November 29, 2005, a fire destroyed what remained of the insured

property. While separate claims were filed for the damages resulting from the hurricane and the fire, Plaintiffs only filed suit on the claim for hurricane related damage. (Rec. Doc. 10-2). Plaintiffs' petition for damages specifically states that damages do not exceed $75,000. (Rec. Doc 1-2 at ¶ 8).

On October 22, 2007, Defendant gave notice of removal to this Court, pursuant to 28 U.S.C. § 1446. (Rec. Doc. 1). Defendant alleged that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332, since Defendant is a citizen of Delaware and Massachusetts, and Plaintiffs are citizens of Louisiana, and since Defendant alleges that the amount in controversy exceeds $75,000. (Rec. Doc. 1). Defendant cites the policy limits of the insured property: $223,000 for the dwelling (Coverage A); $22,300 for other structures (Coverage B); $111,500 for contents (Coverage C); and $44,600 for additional living expenses (Coverage D), and notes that Plaintiffs pray for statutory penalties and attorneys fees in arguing that the amount in controversy exceeds the $75,000 threshold.

Subsequent to removal by Defendant, on October 29, 2008, Defendant's counsel sent a fax to Plaintiffs' counsel offering a total of $10,381.42 "to settle both the Katrina and fire claims against Lexington Insurance Company." (Rec. Doc. 10-3 at 1). On that same day, Plaintiffs' counsel signed and dated the document to indicate acceptance, and faxed it back to Defendant's counsel.

(Rec. Doc. 10-3). On November 13, 2008, this Court entered an Order of Dismissal, upon advice of the parties' counsel that a compromise had been reached. (Rec. Doc. 9).

Upon learning that Plaintiffs executed an assignment in favor of the LRA, Defendant's counsel provided the LRA a Settlement Communication, which indicated that the entire amount of the settlement was for structure damage from Hurricane Katrina. (Rec. Doc. 10-3 at 2). Thereafter, LRA responded by exercising their assignment of $8,961.93 ($10,381.42 less fees) of the agreed settlement on January 15, 2009. (Rec. Doc 10-3 at 3). Subsequently, on February 4, 2009, Plaintiffs' counsel indicated that there was a dispute related to this settlement, noting that "[a] unilateral allocation by [Lexington] of 100% of the settlement funds under Coverage A of the Hurricane Katrina claim simply is unacceptable and irrevocable with our agreement to settle both the Hurricane Katrina claim AND fire claim." (Rec. Doc. 10-3 at 6).

II. Diversity Jurisdiction

In their Opposition to Lexington's Motion to Enforce Settlement, Plaintiffs begin by addressing the jurisdiction of the Court. Plaintiffs argue that they are entitled to a remand, or they should be allowed to re-institute their lawsuit against Lexington in state court, since this case has already been dismissed. (Rec. Doc. 14 at 12). Defendant does not address the issue of jurisdiction in its Motion to Enforce.

Plaintiffs note that their petition specifically stated that their claims did not exceed $75,000, and that Defendant contradicts itself by first stating that the amount in controversy exceeds $75,000, then by seeking to enforce a settlement for only $10,381.42. Plaintiffs refer to *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985), in which the Fifth Circuit reversed and vacated an order to enforce a settlement because the district court lacked subject matter jurisdiction over the suit.

To determine if jurisdiction is proper for removal, the Fifth Circuit has held that courts must consider the state petition as it existed at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Furthermore, the burden is on the removing defendant to demonstrate that federal jurisdiction exists. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert denied*, 510 U.S. 868 (1993). Nonetheless, the court in *De Aguilar* held that a plaintiff cannot avoid removal by alleging that damages do not exceed the requisite amount in controversy, if the removing defendant satisfies its burden of showing that the amount in controversy does exceed the threshold amount. 47 F.3d at 1413.

Plaintiffs argue that Defendant has not satisfied its burden, and that Plaintiffs "have not deceptively downplayed the amount of their claim in order to avoid removal while at the same time seeking a much higher award." (Rec. Doc. 14). Plaintiffs contend that the fact that they have agreed to a ten thousand dollar

4

settlement supports their argument that they do not seek damages in excess of the threshold amount. Plaintiffs also direct the Court to a case that is analogous to the instant civil action, *Casey v. Essex Insurance Company*, 2008 WL 1995049 (E. D. La. 2008).

In *Casey*, the Court held that a defendant insurance company failed to meet its burden in establishing diversity jurisdiction over a Hurricane Katrina insurance dispute. *Id.* at 3. The plaintiffs did not state that the amount in controversy was less than $75,000 in their petition for damages, and they did not sign a binding stipulation prepared by the defendant that stated that the amount in controversy was less than $75,000. *Id*. at 1. Furthermore, the plaintiffs counsel in *Casey* demanded a settlement of $133,000. *Id.* Nonetheless, the Court held that the defendants failed to satisfy their burden in proving that the amount in controversy exceeded the $75,000 threshold, regardless of the insurance policy limits. *Id.* at 3.

Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)( citing La. Code. Civ. Proc. art. 893). As the Fifth Circuit has noted, "[i]n such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Luckett*, 171 F.3d at 298; *Simon v. Wal-Mart Stores*, 193 F.3d 848, 50 (5th Cir. 1999). A defendant satisfies this burden either by

showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

In an insurance dispute, the value of the claim is relevant in determining the amount in controversy, not the value of the underlying policy. *Hartford Ins. Grp. v. Lous-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Furthermore, "[t]he preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." *De Aguilar*, 47 F.3d at 1412 (emphasis original). The defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446, jurisdiction must exist at the time of removal, so any post-removal correspondences should not be considered in determining whether removal was proper.

Here, as in *Casey*, plaintiffs do not allege a specific amount of damages, nor do they allege a "total loss" of their home. In its Notice of Removal, Defendant merely states the insurance policy limits, and states that Plaintiffs residence suffered substantial wind damage. (Rec. Doc. 1). Defendant also refers to Plaintiffs' prayer for statutory penalties and attorney's fees. These factors were all present in *Casey*, in which the Court held that the

defendant had not met its burden of proof that the amount in controversy exceeds $75,000. Similarly, Defendant in this case did not meet its burden of proof.

Plaintiffs did not file a separate Motion to Remand, rather they discussed the issue in their Opposition, however, under 28 U.S.C. § 1447(b), such a motion is not necessary: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The alleged breach of the written settlement agreement is in effect a state-based contract claim with clear evidence that the amount in dispute, inclusive of attorney fees and costs, would not exceed $75,000. Furthermore the issue is probably resolvable by cross motions for Summary Judgment on the undisputed written evidence of record.

Accordingly, **IT IS ORDERED** that the instant case be **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 11th day of August, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

7